UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00198-MOC-DLH

| | |
|---|---|
| **SAINT DENNIS VANDYKE ROGER, PROHET PREACHER PRO SE WRITER ATTORNEY AT LAW,** ) ) ) ) | |
| Plaintiff ) ) | |
| Vs. ) ) | ORDER |
| **FRANK D. WHITNEY, et al.,** ) ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on initial review of plaintiff's application to proceed *in forma pauperis* on his 42 U.S.C. § 1983 Complaint (#1). See 28 U.S.C. §§ 1915; 1915A. Earlier, plaintiff filed a nearly identical Section 1983 claim against retired United States District Judge, Lacy H. Thornburg. See Roger v. Thornburg, 1:14cv160 (W.D.N.C.). Defendant herein Frank D. Whitney, United States District Judge, dismissed that action on June 30, 2014. id. at Order (#6), and plaintiff filed this action August 1, 2014.

Pro se Plaintiff Dennis Roger VanDyke is a North Carolina prisoner incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. As Judge Whitney found in the earlier action, plaintiff is a frequent and abusive filer of *pro se* lawsuits in this Court. Plaintiff filed this action naming as Defendants Judge Whitney, Charles McKeller (his attorney), and Kent Brown, identified as a "State" attorney." In addition to again claiming that he is being denied credit on his pending probation in federal court for 52 days he spent at a North Carolina state mental hospital, plaintiff has added the contention that Judge Whitney

1

"dismiss a very good solid lawful claim of mine the last week of June 2014." Complaint at 3. While plaintiff

Contended in the previous action that he seeks "a salary of $3000.00 dollars a day for the 52 days that the federal government falsely incarcerated [Plaintiff] for the 52 days I did from January 12, 2005, till March 10, 2005," <u>Roger v. Thornburg</u>, 1:14cv160 (#1) at 4, he now asks that this court "make the no honor Judge Frank D. Whitney pay me $3000.00 dollars a day for delaying and slandering my name on my claim …." Complaint at 4.

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See <u>Crawford-El v. Britton</u>, 523 U.S. 574, 596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At least three of Plaintiff's previous civil actions have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. <u>See, e.g.</u>, <u>VanDyke v. Butner Reg'l Forensic Adm'r</u>, 1:12cv149-RJC, Order, Doc. No. 4 at 2. (W.D.N.C. filed July 18, 2012) (citing cases). Thus, Plaintiff is subject to Section 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury. Even if plaintiff had filed this action and prepaid the full filing fee, this action would then be subject to dismissal with prejudice because Judge Whitney is entitled to absolute judicial immunity for

2

his dismissal of the prior action, and Defendants McKeller and Brown are attorneys not subject to § 1983 actions.

Plaintiff has not shown in the instant action that he is under imminent danger of serious physical injury as required by § 1915(g) of the PLRA.  Therefore, pursuant to 28 U.S.C. § 1915(g), Plaintiff's Complaint is subject to dismissal without prejudice to his ability to re-file with prepayment of the full filing fee.   Furthermore, Plaintiff is hereby warned, for the second time this year, that if he continues to file frivolous and/or meritless actions, the Court will not hesitate to impose a pre-filing review system and, ultimately, a pre-filing injunction to prevent Plaintiff from needlessly burdening the Court with what are patently frivolous and vexatious complaints.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (#1) is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate Plaintiff's Motion to Proceed in Forma Pauperis (#2) as no longer pending.

3. The Clerk is directed to terminate this case.

Signed: August 29, 2014

Max O. Cogburn Jr.
United States District Judge